UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Hector R.,                                        Case No. 18-cv-3050-ECT-KMM

            Petitioner,

v.                                            **REPORT AND RECOMMENDATION**

Secretary of Homeland Security J. sessions,

            Defendant[s].

---

On October 31, 2018, Hector R. (hereafter "Mr. R") filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Mr. R alleges that he is being held in custody at the Kandiyohi County Jail in Willmar, Minnesota, in connection with deportation proceedings. Mr. R seeks immediate release, claiming that his detention has been unreasonably prolonged. [ECF No. 1.]

Mr. R became a lawful permanent resident of the United States in January 1999. [Van Der Vaart Decl., Ex. C at 3, ECF No. 12.] Mr. R has a lengthy criminal history, including charges and convictions for burglary, armed robbery, aggravated assault, domestic assault, drug crimes, and other offenses. [Van Der Vaart Decl. ¶¶ 5–96.] In particular, Mr. R was convicted of possession of marijuana and drug paraphernalia on April 4, 2017 in North Dakota and was sentenced to one year in jail. [Van Der Vaart Decl. ¶ 94, Ex. A.] Six days later, on April 10, 2017, Mr. R was convicted of 5th degree possession of marijuana and sentenced to three years of probation. [Van Der Vaart Decl. ¶ 95, Ex. B.]

Immigration and Customs Enforcement ("ICE") took Mr. R into custody on April 24, 2018 after being notified by U.S. Border Patrol that he had been arrested by the Red Lake Tribal Police for a probation violation. [Van Der Vaart Decl. ¶ 96.] Mr. R was served with a notice to appear in removal proceedings, and an immigration judge ordered him to be removed to Mexico on July 18, 2018. [Van Der Vaart Decl. ¶ 97, Exs. C & D.] Mr. R appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA") on July 25, 2018. [Van Der Vaart Decl., Ex. E; *see also*

Pet. at 3, ¶ 7 (indicating BIA appeal was filed on July 18, 2018).] The BIA had not issued a decision on the appeal at the time Mr. R filed the habeas petition that initiated this case. However, on November 29, 2018, the BIA dismissed Mr. R's appeal, which made the removal order final. [Van Der Vaart Decl., Ex. F.]

### *Pre-Final-Removal-Order Detention*

When Mr. R filed his habeas petition, because he was not yet subject to a final order of removal, he was being detained pursuant to 8 U.S.C. § 1226. Pursuant to § 1226(c), the Attorney General was required to take Mr. R into custody. *See, e.g.,* 8 U.S.C. § 1226(c)(1)(C) (requiring custody where a person is deportable under 8 U.S.C. § 1227(a)(2)(A)(i) "on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year"). Mr. R was in pre-final-removal-order custody under § 1226(c) for just over seven months, from April 24, 2018 through November 29, 2018. Some courts, including this one, have concluded that prolonged mandatory detention under 8 U.S.C. § 1226(c) raises due process concerns. *See, e.g., Bolus A.D. v. Secretary of Homeland Security*, No. 0:18-cv-1557 (WMW/KMM), Doc. No. 33 (D. Minn. Feb. 11, 2019) (report and recommendation concluding that an alien detained pursuant to § 1226(c) for over 13 months was entitled to a bond hearing); *Muse v. Sessions*, No. 18-cv-0054 (PJS/LIB), 2018 WL 4466052 (D. Minn. Sept. 18, 2018).

However, as noted above, Mr. R is no longer in custody under 8 U.S.C. § 1226(c) because the immigration judge's order of removal became administratively final on November 29, 2018, when the BIA dismissed Mr. R's appeal. Mr. R is now in the custody of immigration authorities pursuant to 8 U.S.C. § 1231, which governs detention of removable aliens who are subject to final orders of removal. *See Chuol v. Sessions*, No. 17-cv-4700 (JNE/TNL), 2018 WL 1598624, at *3 (D. Minn. Feb. 27, 2018) ("While 8 U.S.C. § 1226(c) governs detention prior to the entry of a final order of removal, 8 U.S.C. § 1231 governs the detention of an alien subject to a final order of removal."), *R&R adopted*, No. 17-cv-4700 (JNE/TNL, 2018 WL 1587611 (D. Minn. Apr. 2, 2018). Under these circumstances, to the extent Mr. R challenges his pre-final-removal-order detention under § 1226, such a claim is moot. *Alier D. v. Secretary of Dep't of Homeland Security*, 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his

claim based on pre-removal detention.") (citing *Oyelude v. Chertoff*, 170 Fed. App'x 366, 367 & n.4 (5th Cir. 2006); *Chuol*, 2018 WL 1598624, at *3; and *Gahamanyi v. Baniecke*, No. 07-cv-4007 (RHK/RLE), 2008 WL 5071098, at *11 (D. Minn. Nov. 30, 2012)).

### *Post-Removal-Order Detention*

Once an alien has received an order of removal, the Attorney General is required to remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). Under the circumstances of this case, Mr. R's removal period began when his removal order became administratively final. *Id.* § 1231(a)(1)(B)(i).[1] The Attorney General is required to detain an alien during the 90-day removal period and is not permitted to release aliens who have been found deportable for certain criminal offenses. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under [8 U.S.C. §] 1227(a)(2)...."). Mr. R's 90-day removal period began on November 29, 2018 and concluded on February 27, 2019.

Since February 27, 2019, Mr. R has remained in custody. However, his continued detention beyond the statutory 90-day removal period does not mean that his continued detention is necessarily unlawful. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that an alien's post-removal-period detention may not exceed "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court further held that it is presumptively reasonable for the government to detain an alien for six months after the beginning of the statutory

---

[1]   Section 1231(a)(1)(B) provides that the removal period begins on the latest of three possible dates:

(i)   The date the order of removal becomes administratively final.

(ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."

The record does not suggest that either § 1231(a)(1)(B)(ii) or (iii) applies here.

removal period. *Id.* at 701. After that six month period ends, the validity of continued detention depends on whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.*

Mr. R's post-removal-order detention has lasted just over four months at the time of this decision. Accordingly, his ongoing detention is presumptively reasonable under the *Zadvydas* framework and he is not entitled to habeas relief under 28 U.S.C. § 2241. *See Martinez-Senan v. Tritten*, No. 17-cv-5080 (WMW/BRT), 2018 WL 1226110, at *1 (D. Minn. Mar. 9, 2018) (finding detention reasonable because the six-month post-removal period had yet to expire).

## Recommendation

Based on the foregoing, the Court makes the following recommendation:

1. The Petition for a Writ of Habeas Corpus [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE**; and

2. Judgment should be entered accordingly.

Date: April 1, 2019                                           *s/Katherine Menendez*
                                                              Katherine Menendez
                                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this

Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.